IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00646-BNB

JOHAN SWANSON,

    Applicant,

v.

WARDEN LEYBA, Colorado D.O.C., and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 2 2 2009

GREGORY C. LANGHAM
              CLERK

## ORDER OF DISMISSAL

Applicant Johan Swanson is a prisoner in the custody of the Colorado Department of Corrections at the Arrowhead Correctional Center in Cañon City, Colorado. Mr. Swanson initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Mr. Swanson is challenging the validity of his conviction in Denver District Court case number 02CR1351.

In an order filed on March 31, 2009, Magistrate Judge Boland ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action. On May 11, 2009, Respondents filed their Pre-Answer Response. On May 26, 2009, Mr. Swanson filed a reply to the Pre-Answer Response.

The Court must construe the application and other papers filed by Mr. Swanson liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404

U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. For the reasons stated below, this action will be dismissed as time-barred.

Mr. Swanson pled guilty to one count of criminally negligent homicide and one count of first degree assault. On June 23, 2003, he was sentenced to eighteen years in prison. He did not file a direct appeal. Beginning in October 2005, Mr. Swanson filed a series of state court postconviction motions challenging his conviction and sentence. The instant action was filed on March 24, 2009. Mr. Swanson asserts one claim arguing that his federal constitutional rights were violated and that his conviction must be vacated because the state court trial judge failed to file an oath of office with the Colorado Secretary of State as required under state law.

Respondents first argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). That statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

>      recognized by the Supreme Court and made
>      retroactively applicable to cases on collateral
>      review; or
>
>    (D)  the date on which the factual predicate of
>    the claim or claims presented could have been
>    discovered through the exercise of due
>    diligence.
>
> (2)  The time during which a properly filed application for
> State post-conviction or other collateral review with respect
> to the pertinent judgment or claim is pending shall not be
> counted toward any period of limitation under this
> subsection.

28 U.S.C. § 2244(d).

Pursuant to § 2244(d)(1)(A), the Court first must determine when the judgment of conviction in Mr. Swanson's criminal case became final. Because Mr. Swanson did not file a direct appeal, his conviction became final when the time for filing a direct appeal expired. Mr. Swanson was sentenced on June 23, 2003, and, pursuant to Rule 4(b) of the Colorado Appellate Rules, he had forty-five days to file a notice of appeal. Therefore, the Court finds that the time for filing a direct appeal expired, and Mr. Swanson's conviction became final, on August 7, 2003.

Mr. Swanson does not allege that he was prevented by unconstitutional state action from filing this action sooner, *see* 28 U.S.C. § 2244(d)(1)(B), and he is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, *see* 28 U.S.C. § 2244(d)(1)(C). Mr. Swanson does argue that, pursuant to 28 U.S.C. § 2244(d)(1)(D), the one-year limitation did not begin to run until December 2008 because that is when he discovered the factual predicate for his claim that the trial judge failed to file the necessary oath of

office. However, § 2244(d)(1)(D) provides an alternative starting date for the one-year limitation period based on the date the factual predicate of a claim *could have been discovered* through the exercise of due diligence. Mr. Swanson fails to demonstrate that he could not have discovered the factual predicate for his claim before his conviction became final in August 2003 if he had exercised due diligence. The fact that Mr. Swanson did not think to investigate the trial judge's credentials until some later date does not alter the Court's conclusion that the factual basis for his claim could have been discovered prior to August 7, 2003, through the exercise of due diligence. Therefore, the Court finds that the one-year limitation period began to run on August 7, 2003.

The next question is whether any of the postconviction motions Mr. Swanson filed in state court tolled the one-year limitation period pursuant to § 2244(d)(2). Mr. Swanson does not assert that he filed any state court postconviction motion within one year after August 7, 2003. Therefore, the Court finds that the one-year limitation period expired in August 2004.[1] The series of postconviction motions Mr. Swanson filed beginning in October 2005 were filed too late to toll the one-year limitation period pursuant to § 2244(d)(2). *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (stating that state court postconviction motions toll the one-year limitation period only if they are filed within the one-year limitation period). As a result, the Court finds that this action is time-barred in the absence of some other reason to toll the one-year limitation period.

---

[1] The exact date on which the one-year limitation period expired was August 9, 2004, because August 7, 2004, was a Saturday. *See* Fed. R. Civ. P. 6(a)(3).

4

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling also may be appropriate if the inmate actually is innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson*, 232 F.3d at 808 (10th Cir. 2000). However, simple excusable neglect is not sufficient to support equitable tolling. *See id.* Furthermore, equitable tolling is appropriate only if the inmate pursues his or her claims diligently and it is the inmate's burden to "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978).

Mr. Swanson fails to allege any facts that might justify equitable tolling of the one-year limitation period. Therefore, the Court finds that Mr. Swanson fails to demonstrate that equitable tolling is appropriate and the instant action will be dismissed as barred by the one-year limitation period. Because the Court will dismiss this action as time-barred, the Court need not consider Respondents' alternative argument that Mr. Swanson failed to exhaust state remedies and that his claims are procedurally barred. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d).

DATED at Denver, Colorado, this 19 day of June, 2009.

BY THE COURT:

*Zita L. Weinshienk*
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00646-BNB

Johan Swanson
Prisoner No. 118350
Arrowhead Correctional Center
P.O. Box 300 - Unit E
Cañon City, CO 81215-0300

John J. Fuerst III
Senior Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 6/22/09

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk