IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00646-ZLW

JOHAN SWANSON,

    Applicant,

v.

WARDEN LEYBA, Colorado D.O.C., and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 23 2009

GREGORY C. LANGHAM
                CLERK

---

ORDER DENYING MOTION FOR REHEARING

---

Applicant Johan Swanson has filed *pro se* on July 16, 2009, a "Motion for Rehearing" in which he asks the Court to reconsider and vacate the Court's Order of Dismissal and the Judgment filed in this action on June 22, 2009. The Court must construe the "Motion for Rehearing" liberally because Mr. Swanson is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the "Motion for Rehearing" will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." **Van Skiver v. United States**, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). **See id.** at 1243.

Mr. Swanson's "Motion for Rehearing," which was filed more than ten days after the Judgment was entered in this action, will be considered pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. **See Massengale v. Oklahoma Bd. of Examiners in Optometry**, 30 F.3d 1325, 1330 (10th Cir. 1994).

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Swanson fails to demonstrate the existence of any extraordinary circumstances that would justify a decision to reconsider and vacate the order dismissing this action. The Court dismissed this action after determining that Mr. Swanson's claims are barred by the one-year limitation period in 28 U.S.C. § 2244(d)(2). The essence of Mr. Swanson's arguments in the motion to reconsider is that the one-year limitation period does not apply to his claims in this action. He is mistaken. **See** 28 U.S.C. § 2244(d)(1). Therefore, the motion to reconsider will be denied. Accordingly, it is

ORDERED that the "Motion for Rehearing" filed on July 16, 2009, is denied.

DATED at Denver, Colorado, this 22 day of July, 2009.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00646-ZLW

Johan Swanson
Prisoner No. 118350
Arrowhead Correctional Center
P.O. Box 300 - Unit E
Cañon City, CO 81215-0300

John J. Fuerst III
Senior Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 7/23/09

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk